

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert F. Cherry
County Attorney,
Bosque County,
Meridian, Texas

Dear Sir:

Opinion No. O-1174
Re: It is a violation of the law
for the merchants of a given
town or community to give to
their customers tickets with
each purchase of merchandise
from them, which tickets are
good for chances upon mer-
chandise or money given away
at drawings held periodically
in the said town or community.

Your letter of recent date, addressed to Attorney
General Mann, reads as follows:

"Mr. W. M. Wylie and other residents of this
county have asked the writer to obtain from your
department an opinion on the following question:

"'Is it a violation of the law for
the merchants of a given town or commun-
ity to give to their customers tickets
with each purchase of merchandise from
them, which tickets are good for chances
upon merchandise or money given away at
drawings held periodically in the said
town or community?'

"It is the opinion of the writer that all such
advertising schemes, as the one described by this
question, are violations of the lottery laws of the
State. The County Attorney's brief on the question
is as follows:

"It would seem that the proper place to begin

an analysis of this question would be the Constitution of Texas, which in Art. 3, Sec. 47 states as follows:   "The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other States."   (Vernon's Annotated Constitution, Art. 3, Sec. 47).  In construing this article, the Supreme Court of Texas has held in City of Wink v. Griffith Amusement Co., 100 S. W. (2d) 695, that this provision was not intended to condemn merely lotteries, but was intended also to condemn the separately stated schemes which were not lotteries but which involved the lottery principle or chance and which were used to entice the credulous and unwary.

"Articles 654 and 655 of the Penal Code refer to 'lottery' and 'raffles' and were apparently passed by the Legislature in obedience to Art. 3, Sec. 47 of the Constitution as above referred to and provides as follows:  Art. 654. 'If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars. "If any person shall establish a raffle for or dispose by raffle of any estate, real or personal, exceeding five hundred dollars in value, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall establish a raffle for or shall dispose by raffle of any estate, real or personal, of the value of five hundred dollars or less, he shall be fined not less than five nor more than two hundred dollars. Whoever shall offer for sale or keep for sale any chance, ticket or part ticket, in any raffle of any estate, real or personal of any value whatever shall be fined not less than ten nor more than fifty dollars.'

"In construing these articles of the Penal Code and the Constitutional provision above referred to, the courts have variously defined 'lotteries' and 'raffles' as follows:

"Any scheme for the distribution of prizes by chance is a lottery, and it matters not by what name such a scheme may be known, it comes within the prohibition of this article. State v. Randle, 41 T. 292 and Randle v. State, 42 T. 580. It is no less a lottery because the scheme includes no blanks if the prices are of unequal value. Randle v. State 42 T. 580; Holoman v. State, 2 Cr. R. 610. Any scheme for the distribution of prizes is a lottery, though there are no blanks. One's guilt of establishing a lottery does not depend on advice received as to the innocent character of the device, nor on his own belief that it was not a violation of the law. Queen v. State, 246 S. W. 384.

"The courts have distinguished lotteries and raffles by defining lottery as a game in which there is a keeper or exhibitor, and against whom the better stakes his money, while a raffle is said to be a game of perfect chance in which every participant is equal with every other in the proportion of his risk and prospect of gain, the raffle having no element of keeper or dealer and not being a banking game. Stearnes v. State, 21 T. 692, Risein v. State, 71 S.W. 974.

"The leading case, relating directly to a group of merchants using a plan which apparently involves a 'lottery principle' as an advertising scheme, seems to be Featherstone v. Independent Service Station Association of Texas, in which the court held that where an association of dealers sold tickets to its members, which tickets were then given by the dealers to customers and others for the purpose of attracting patronage, the tickets entitling the holders to a chance to win an automobile purchased by the association with the proceeds of the sales of the tickets, such a scheme was held to be a lottery within the meaning of the statute. And it was further held that such lottery was subject to be enjoined by a competitor whose business was injured thereby, under the rule that equity will enjoin an act which amounts to a crime where property rights are injured thereby. Featherstone v. Independent Service Station Association of Texas, (Civ. App.) 10 S. W. (2d) 124. 28 Tex. Jur. 414.

"The plan used in Bosque County does not require any person to pay directly any consideration in order to obtain a chance at the drawing, but it does do so indirectly in that merchandise must be purchased in order to entitle the purchaser to the ticket or chance, and it seems to this writer are based upon the 'lottery principle' referred to in the constitution and under any reasonable construction of the statutes and the opinion of the courts, are unlawful."

You have thoroughly briefed the question submitted, for which we express our appreciation. After carefully considering it, we have concluded there is no necessity for any further discussion of the subject. It is our opinion that you have correctly answered the question in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

BWB-MR

APPROVED AUG 10, 1939

ATTORNEY GENERAL OF TEXAS